UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDI DOUMBIA,<br><br>      Plaintiff,<br><br>-against-<br><br>FATOU BAMBA,<br><br>      Defendant. | 24-CV-1088 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action invoking the Court's federal question jurisdiction, asserting that Defendant subjected him to "aggravated assault and battery." (ECF 1, at 2.) By order dated August 26, 2024, the Court dismissed this action for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to replead his claims in an amended complaint to establish that the Court has diversity jurisdiction of this matter. Plaintiff filed an amended complaint on September 20, 2024, which the Court has reviewed. The Court dismisses this action for the reasons set forth in the August 26, 2024 order, for lack of subject matter jurisdiction.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this action as summarized in the Court's August 26, 2024 order. In short, Plaintiff asserted that, on July 27, 2021, Defendant assaulted him in his private apartment room in a building in the Bronx, New York. Plaintiff alleged that he suffered injuries, and that Defendant was arrested and pleaded guilty in the Bronx Criminal Court to several charges arising from the incident. Plaintiff sought compensatory damages in the amount of $40,000 for his hospital bills and other losses, and punitive damages in the amount of $120,000.

In the August 26, 2024 order, the Court held that it did not have federal question jurisdiction of Plaintiff's claims arising from the alleged assault and battery, because such claims fall under state law rather than federal law. The Court also found that Plaintiff failed to satisfy his burden of alleging facts showing that the Court has diversity jurisdiction of any claims under state law raised in this action. Plaintiff listed addresses for himself and Defendant in New York, but he did not plead facts about his domicile or about the citizenship of Defendant. The Court, however, granted Plaintiff 30 days' leave to allege additional facts to establish that the Court had diversity jurisdiction of this action. Specifically, the Court directed Plaintiff to allege facts demonstrating that he and Defendant are citizens of different states and that the value of his claims exceeds $75,000.00

In the amended complaint, Plaintiff again invokes the court's federal question jurisdiction, asserting the following:

> Defendant violated my federal constitutional rights to bodily integrity which is protected under the 14th Amendment and my rights to freedom from violence based on national origin which is protected under 18 USC 249, Mathew Shephard and James Byrd, Jr., Hate Crimes Prevention Act.[1]

(ECF 8, at 2.) Plaintiff then asserts essentially the same facts about the alleged assault and battery from the original complaint – that on July 27, 2021, Defendant entered his private apartment room and assaulted him. He again asserts that he was injured and that Defendant was arrested and charged with a crime for which she pleaded guilty. Plaintiff now alleges that he is a citizen of the Republic of Mali and that Defendant is a citizen of the Ivory Coast. Plaintiff continues to seek compensatory damages in the amount of $40,000, and punitive damages in the amount of $120,000.

---

[1] The Court quotes from the amended complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

## DISCUSSION

A.  **Subject matter jurisdiction**

Plaintiff has failed to overcome the Court's finding in the August 26, 2024 order that it lacks subject matter jurisdiction to consider his claims of assault and battery against Defendant.

1.  **Federal question jurisdiction**

Plaintiff again invokes the court's federal question jurisdiction, asserting that Defendant violated his rights to bodily integrity under the Fourteenth Amendment and his right to be free from violence under the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249.

Plaintiff may actually be attempting to assert civil rights claims for violations of his constitutional rights under 42 U.S.C. § 1983. A claim for relief under Section 1983 must, however, allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant is a private party who is not alleged to be a state actor, Plaintiff cannot state a claim against her under Section 1983.

Plaintiff cannot assert a claim under the Hate Crimes Prevention Act because it does not provide a private right of action for a civil suit, but rather is a federal criminal statute that can only be enforced by the federal government. *See Everage v. Cent. Broad. Sys. Corp., Inc.*, No. 7:18-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting decisions holding that the Hate Crimes Prevention Act, 18 U.S.C. § 249, "does not authorize a private right of action).

Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can he direct prosecuting attorneys or the Court to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are " immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Because Plaintiff does not "establish[] either that federal law creates the cause of action or that [his] right to relief necessarily depends on resolution of a substantial question of federal law," the Court does not have federal question jurisdiction of his claims. *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

**2.     Diversity jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. Plaintiff asserts in the amended complaint that he is a citizen of Mali and that Defendant is a citizen of Ivory Coast. The diversity statute, 28 U.S.C. § 1332, provides for diversity jurisdiction of an action for claims between citizens of different American States in which subjects or citizens of a foreign state are additional parties, § 1332(a)(3). Diversity jurisdiction does not exist where there are aliens on both sides of the litigation. *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (citing *Int'l Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989)); *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, No. 14-CV-7082 (PAE), 2015 WL 5737565, at *7 (S.D.N.Y. Sept. 30, 2015) (When a party is an alien for diversity purposes, "diversity i[s] . . . defeated if another alien party is present on the other side of the litigation."). Because Plaintiff asserts that both he and Defendant are aliens, the Court

4

cannot exercise diversity jurisdiction of this action.[2] Furthermore, even if the diversity of citizenships were sufficient, Plaintiff also does not establish to a "reasonable probability" that his claims are in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a).

Plaintiff has failed to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter. The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to replead.

## CONCLUSION

For the reasons stated in this order and the Court's August 26, 2024 order, this action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

---

[2] Even if Plaintiff is a legal permanent resident in the United States and therefore, under § 1332(a)(2), is deemed to reside in the State where he is domiciled (New York), "section 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge